# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-1393V
Filed: September 21, 2020
UNPUBLISHED

| | |
|---|---|
| LINDA JOY DAVIS,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Petitioner's Motion for a Decision Dismissing her Petition; Shoulder Injury related to Vaccine Administration ("SIRVA"); Pneumococcal Vaccination; insufficient Proof of Causation; Vaccine Act Entitlement; Denial Without Hearing; Special Processing Unite ("SPU") |

*John Robert Howie, Howie Law, PC, Dallas, TX,* for petitioner.

*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION DISMISSING PETITION[1]

**Corcoran,** Chief Special Master:

On September 11, 2019, Linda Joy Davis filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program"), 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving a Prevnar-13 pneumococcal vaccination on September 22, 2016. Petition at 1.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, that material will be removed from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On August 31, 2020, Petitioner moved for a decision dismissing the petition, specifically indicating she no longer wants to pursue her claim. ECF No. 21. Petitioner explained that she had been diagnosed with lung cancer, and that she wished to "focus on her lung cancer treatment and not worry further about her SIRVA claim." *Id.* at 1. Further, Petitioner qualified for Medicaid and does not want to jeopardize her Medicaid status with any recovery related to her vaccine injury. *Id.* Petitioner "understands that a decision by the Chief Special Master dismissing her petition will result in a judgment against her. [She] has been advised that such a judgment will end all of her rights in the Vaccine Program." *Id.* at 2. The Motion further stated that Respondent "reserves the right, pursuant to 42 U.S.C. § 300aa-15(e), to question the good faith and reasonable basis of her claim and to oppose, if appropriate, the application for costs." Respondent otherwise does not oppose this motion.

To receive compensation under the Program, petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Examination of the record, however, does not disclose that petitioner suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that petitioner's alleged injury was vaccine-caused.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that the vaccinee was injured by a vaccine. For these reasons, in accordance with Section 12(d)(3)(A), **petitioner's claim for compensation is denied and this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.